**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

*[stamp: UNITED STATES DISTRICT COURT FILED MAR 3 2021 MARY C. LOEWENGUTH, CLERK WESTERN DISTRICT OF NY]*

Revised 07/07 WDNY

Tyrone McDowell

_____

**Name(s) of Plaintiff or Plaintiffs**

Jury Trial Demanded: Yes ✓  No ____

-vs-

Denis McDonough, Secretary
Department of Veterans Affairs
(Veterans Health Administration)

**Name of Defendant or Defendants**

Additional Defendants, Please See Attachment

**DISCRIMINATION COMPLAINT**

21 -CV- 338

You should attach a copy of your **original Equal Employment Opportunity Commission (EEOC) complaint,** a copy of the Equal Employment Opportunity Commission **decision, AND** a copy of the **"Right to Sue"** letter you received from the EEOC to this complaint.  Failure to do so may delay your case.

*Note:  Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.*

This action is brought for discrimination in employment pursuant to *(check only those that apply)*:

✓ Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub.L.No. 102-166) (race, color, gender, religion, national origin).

> **NOTE:**  In order to bring suit in federal district court under Title VII, you **must first obtain a right to sue letter** from the Equal Employment Opportunity Commission.

____ Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621-634 (amended in 1984, 1990, and by the Age Discrimination in Employment Amendments of 1986, Pub.L.No. 99-592, the Civil Rights Act of 1991, Pub.L.No. 102-166).

> **NOTE:**  In order to bring suit in federal district court under the Age Discrimination in Employment Act, you **must first file charges** with the Equal Employment Opportunity Commission.

____ Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112-12117 (amended by the Civil Rights Act of 1991, Pub.L.No. 102-166).

> **NOTE:**  In order to bring suit in federal district court under the Americans with Disabilities Act, you **must first obtain a right to sue letter** from the Equal Employment Opportunity Commission.

**JURISDICTION** is specifically conferred upon this United States District Court by the aforementioned statutes, as well as 28 U.S.C. §§ 1331, 1343.  Jurisdiction may also be appropriate under 42 U.S.C. §§ 1981, 1983 and 1985(3), as amended by the Civil Rights Act of 1991, Pub.L.No. 102-166, and any related claims under New York law.

**In addition to the federal claims indicated above,** you may wish to include New York State claims, pursuant to 28 U.S.C. § 1367(a).

_____   New York State Human Rights Law, N.Y. Exec. Law §§ 290 to 297 (age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status).

## PARTIES

1.   My address is: ___6864 Forestvue Drive___
___Lockport N.Y. 14094___

My telephone number is: ___(716) 260-0501___

2.   The name of the employer(s), labor organization, employment agency, apprenticeship committee, state or local government agency who I believe discriminated against me is/are as follows:

Name: ___VA Western New York Healthcare System, Veterans Health Administration___
Number of employees: ___4___

Address: ___3495 Bailey Ave___
___Buffalo N.Y. 14215___

3.   (If different than the above), the name and/or the address of the defendant with whom I sought employment, was employed by, received my paycheck from or whom I believed also controlled the terms and conditions under which I were paid or worked. (For example, you worked for a subsidiary of a larger company and that larger company set personnel policies and issued you your paycheck).

Name: ___Denis McDonough, Secretary of Department of Veteran Affairs___

Address: ___810 Vermont Ave, NW___
___Washington DC, 20571___

## CLAIMS

4.   I was first employed by the defendant on (date): ___August 24, 2003___

2

Additional Defendants

Brian Stiller
Apple Tree Business Park
2875 Union Rd. Cheektowaga, N.Y. 14227
Attn: VA Officers


Danielle Bergman
3495 Bailey Avenue
Buffalo, N.Y. 14215


Grace Stringfellow
VA Northern Indiana Healthcare System
1700 East 38th Street
Marion, In 46953

5.  As nearly as possible, the date when the first alleged discriminatory act occurred is: November 2016 as pertaining to this claim, however previous discriminatory acts go back as far as 2010. My first EEOC claim was filed December 20, 2016.

6.  As nearly as possible, the date(s) when subsequent acts of discrimination occurred (if any did): November 21, 2017 and January 2018

7.  I believe that the defendant(s)

    a.  _____     Are still committing these acts against me.
    b.  ✓           Are not still committing these acts against me.
    (Complete this next item **only** if you checked "b" above)  The last discriminatory act against me occurred on (date) __December 2019__

8.  (Complete this section **only** if you filed a complaint with the New York State Division of Human Rights)

    The date when I filed a complaint with the New York State Division of Human Rights is
    __N/A__
    _ (estimate the date, if necessary)

    I filed that complaint in (identify the city and state): __N/A__

    The Complaint Number was: __N/A__

9.  The New York State Human Rights Commission did __N/A__ /did not _____ issue a decision. (**NOTE:**  If it **did** issue a decision, you **must** attach one copy of the decision to **each** copy of the complaint; failure to do so will delay the initiation of your case.)

10. The date (if necessary, estimate the date as accurately as possible) I filed charges with the Equal Employment Opportunity Commission (EEOC) regarding defendant's alleged discriminatory conduct is: __August 28, 2017__

11. The Equal Employment Opportunity Commission (did) _____ /did not _____ issue a decision. (**NOTE:**  If it **did** issue a decision, you **must** attach one copy of the decision to **each** copy of the complaint; failure to do so will delay the initiation of your case.)

12. The Equal Employment Opportunity Commission issued the attached Notice of Right to Sue letter which I received on: __December 4, 2020__. (**NOTE:** If it

3

**did** issue a Right to Sue letter, you **must attach** one copy of the decision to **each** copy of the complaint; failure to do so will delay the initiation of your case.)

13.    I am complaining in this action of the following types of actions by the defendants:

a. _____    Failure to provide me with reasonable accommodations to the application process

b. _____    Failure to employ me

c. _____    Termination of my employment

d. _____    Failure to promote me

e. _____    Failure to provide me with reasonable accommodations so I can perform the essential functions of my job

f. _____    Harassment on the basis of my sex

g. ___✓___    Harassment on the basis of unequal terms and conditions of my employment

h. ___✓___    Retaliation because I complained about discrimination or harassment directed toward me

i. _____    Retaliation because I complained about discrimination or harassment directed toward others

j. ___✓___    Other actions (please describe) _Reprisal due to previous_ _EEOC activity_

14.    Defendant's conduct is discriminatory with respect to which of the following *(check all that apply)*:

a. ___✓___  Race                       f. _____  Sexual Harassment

b. ___✓___  Color                      g. _____  Age
                                          _____ Date of birth

c. _____  Sex
                                       h. _____  Disability
d. _____  Religion                   Are you incorrectly perceived as being
                                       disabled by your employer?
e. _____  National Origin            ____ yes ____ no

15.    I believe that I (was)_____/was not _____ **intentionally** discriminated against by the defendant(s).

4

16.   I believe that the defendant(s) is/are _____ is not/are not _____ still committing these acts
      against me. (If you answer is that the acts are not still being committed, state when: December 2019
      _____ and why the defendant(s) stopped committing these acts against
      you: I have not identified or been made aware of
      any other acts at this time

17.   **A copy of the charge to the Equal Employment Opportunity Commission is attached
      to this complaint and is submitted as a brief statement of the facts of my claim.**
      (NOTE:  You **must** attach a copy of the **original complaint** you filed with the Equal
      Employment Opportunity Commission and a copy of the **Equal Employment
      Opportunity Commission affidavit** to this complaint; failure to do so will delay
      initiation of your case.)

18.   The Equal Employment Opportunity Commission *(check one)*:
      _____ has **not** issued a Right to sue letter
      ✓ has issued a Right to sue letter, which I received on December 4, 2020

19.   State here as briefly as possible the *facts* of your case.  Describe how each defendant is
      involved, including *dates* and *places*.  Do not give any legal arguments or cite any cases
      or statutes.  If you intend to allege a number of related claims, number and set forth each
      claim in a separate paragraph. *(Use as much space as you need. Attach extra sheets if
      necessary.)*

      Please See Attachment

**FOR LITIGANTS ALLEGING AGE DISCRIMINATION**

20.   Since filing my charge of age discrimination with the Equal Employment Opportunity
      Commission regarding defendant's alleged discriminatory conduct   N/A
      _____ 60 days or more have elapsed   _____ less than 60 days have elapsed

**FOR LITIGANTS ALLEGING AN AMERICANS WITH DISABILITIES ACT CLAIM**

21.   I first disclosed my disability to my employer (or my employer first became aware of my
      disability on _____

5

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

**Plaintiff:** Tyrone McDowell

19.   State here as briefly as possible the facts of your case.  Describe how each defendant is involved,
      including dates and places.  Do not give any legal arguments or cite any cases or statutes.  If you
      intend to allege a number of related claims, number and set forth each claim in a separate
      paragraph. *(Use as much space as you need.  Attach extra sheet if necessary.)*

**Background**:  In August of 2010, Plaintiff was promoted to Health Systems Specialist in the Director
Office reporting to the Chief of Staff (COS).  In October 2010, Plaintiff was assigned the responsibility of
the Controlled Substance Coordinator position as a collateral duty (please note that the Controlled
Substance Coordinator position classification is a 1.0 FTE).  From October 2010 to January 2017 Plaintiff
exhausted his efforts to be relieved of this duty.  Plaintiff was assured by Mr. Stiller, Medical Center
Director (MCD), this full time positioned would be filled in effort to become compliant.  However, no
compensation for performing a 2.0 FTE was ever provided.  Plaintiff was also promised countless times
that he would be relieved of the duty of Controlled Substance Coordinator.  This never materialized.  On
November 28, 2016, Plaintiff participated in an Alternative Dispute Resolution (ADR) that included Dr.
Grace Stringfellow (COS) and Brian Stiller (MCD).  The ADR resulted in no agreement.  On December 20,
2016, Plaintiff filed an official EEOC claim that consisted of the above injustice and a total of 14 events.
Since participating in the ADR plaintiff has been subjected to numerous discriminatory/retaliatory
employment actions. The Agency's refusal to timely allow Plaintiff an opportunity to review, sign, and be
provided a copy of his FY 2016 Performance Appraisal is just one of them. The accumulation of these
events, resulted in Plaintiff being approved for compensable disability under the U.S Department of
Labor, Office of Workers' Compensation Program (OWCP).  Only after filing an official EEOC claim was
Plaintiff relieved of the Controlled Substance Coordinator duty.  Effective January 1, 2017, Mr. Stiller,
and Dr. Stringfellow selected and appointed two white females (Lisa Bedford and Cindy Watson) to
share the Controlled Substance Coordinator duty.

It should be noted that after participating in the ADR and filing a EEOC claim Plaintiff work environment
changed.  Plaintiff was starting to experience tangible employment actions. Plaintiff started inquiring
about his Performance Appraisal beginning in November 2016. An unlimited amount of request was
made to the COS and the Secretary of the Chief of Staff, to no avail. After not receiving a response from
the COS, Plaintiff started emailing Brain Stiller (MCD) and Danielle Bergman, Chief of Human Resources
(As the Medical Center Director and supervisor to Dr. Stringfellow, Plaintiff thought Mr. Stiller would see
that his request was reasonable and ensure the release of his appraisal.  As the Chief of Human
Resources, Plaintiff thought Danielle Bergman would adhere to policy and enforce the release of his
appraisal). Neither one of Plaintiff assumptions occurred.

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

**Plaintiff:** Tyrone McDowell

During this same time, Plaintiff started searching for other federal employment.  Plaintiff found several promotion opportunities with the Department of Homeland Security which Plaintiff was highly qualified. However, the requirement of these job announcements, if you were a current federal employee, was to submit your last two performance appraisals.  If your last two performance appraisals were not included your application would be deemed incomplete.  Due to Plaintiff interest in these job opportunities his pursuit to obtain his performance appraisal became even more assertive.

Plaintiff continued attempt to reach Brian Stiller and Danielle Bergman went unanswered.  Plaintiff than elevated his request to VISN 2 Leadership, who also did not respond. Due to their lack of policy adherence, Plaintiff opportunities for career advancement was stolen. After months of unfulfilled requests, Plaintiff sought the support of the VA Secretary.  Sadly, it took nine months and the loss of multiple professional opportunities for a copy of Plaintiff evaluation to be release to him.

Plaintiff found VAWNYHS Leadership's acts intentional and reckless.  Plaintiff believed VAWNYHS Leadership's willingness to cause him harm by refusing him a copy of his own appraisal is atrocious. Devasted by the retaliatory nature of the blatant and extreme disregard Plaintiff filed an official EEOC claim dated August 28, 2017.

22.   The date on which I first asked my employer for reasonable accommodation of my disability is _____

_____

23.   The reasonable accommodations for my disability (if any) that my employer provided to me are: _____

_____

_____

—

24.   The reasonable accommodation provided to me by my employer were _____/were not _____ effective.

**WHEREFORE**, I respectfully request this Court to grant me such relief as may be appropriate, including injunctive orders, damages, costs and attorney's fees.

Dated: _3/ 1 / 2021_    _____

                                                Plaintiff's Signature

**Department of Veterans Affairs — COMPLAINT OF EMPLOYMENT DISCRIMINATION**

OMB NO.: 2900-0718

COMPLAINT CASE NUMBER:

Read the instructions on the reverse side of this form carefully before completing the front of this form.

1. NAME: McDowell, Tyrone

2. EMAIL ADDRESS: mcdowelletye@gmail.com

3. MAILING ADDRESS: 6864 Forestview Dr, Lockport, N.Y. 14094

4a. WORK TELEPHONE NUMBER: 716-362-8931

4b. PRIMARY TELEPHONE NUMBER: 716-260-0501

5. ARE YOU:
[X] A VA EMPLOYEE
[ ] AN APPLICANT FOR EMPLOYMENT
[ ] A FORMER VA EMPLOYEE

6a. JOB TITLE, SERIES AND GRADE: Health Systems Specialist, GS-12

6b. SERVICE/SECTION/PRODUCT LINE: Chief of Staff / Director's Office

7. NAME AND ADDRESS OF VA FACILITY WHERE DISCRIMINATION OCCURRED: Buffalo VAMC, 3495 Bailey Ave, Buffalo, N.Y. 14215

8. BASES: Retaliation, Race/Black

9. CLAIMS:
1. From November 2016, to my most recent request of July 26, 2017, I have been denied my request to review, sign and be provided a copy of my FY 2016 Performance Appraisal.
2. Harassment/hostile work environment. The responsible management official Dr. Comea Stringfellow, Chief of Staff held requested Personnel Document as a method of Retaliation for filing a previous EEO complaint.

10. DATE OF OCCURRENCE: 7/26/17

11. REMEDIES SOUGHT:

12a. DO YOU HAVE A REPRESENTATIVE? [ ] YES [X] NO

12b. IF "YES," IS HE OR SHE AN ATTORNEY? [ ] YES [ ] NO

13a. HAVE YOU CONTACTED AN EEO COUNSELOR? [ ] YES [X] NO

17a. HAVE YOU FILED THIS COMPLAINT WITH ANYONE ELSE? [X] YES [ ] NO
17b. Secretary of Veterans Affairs Office

18. SIGNATURE OF COMPLAINANT: (signature)

18. DATE: 8/28/17

VA FORM MAR 2017 4939

CONFIDENTIAL DOCUMENT – GENERATED IN THE ORM COMPLAINT AUTOMATED TRACKING SYSTEM (CATS) - 9-24-2015



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Office of Federal Operations
P.O. Box 77960
Washington, DC 20013

Tyrone D. McDowell, a/k/a
Marcos S.,[1]
Complainant,

v.

Robert Wilkie,
Secretary,
Department of Veterans Affairs
(Veterans Health Administration),
Agency.

Request No. 2020005194

Appeal No. 2019002134

Agency No. 200H05282017104242

<u>DECISION ON REQUEST FOR RECONSIDERATION</u>

Complainant timely requested that the Equal Employment Opportunity Commission (EEOC or Commission) reconsider its decision in <u>Marcos S. v. Dep't of Veterans Affairs</u>, EEOC Appeal No. 2019002134 (Aug. 23, 2019). EEOC Regulations provide that the Commission may, in its discretion, grant a request to reconsider any previous Commission decision issued pursuant to 29 C.F.R. § 1614.405(a), where the requesting party demonstrates that: (1) the appellate decision involved a clearly erroneous interpretation of material fact or law; or (2) the appellate decision will have a substantial impact on the policies, practices, or operations of the agency. <u>See</u> 29 C.F.R. § 1614.405(c).

In the underlying complaint, Complainant alleged that the Agency subjected him to discrimination based on race (African-American) and reprisal (prior protected EEO activity) when, as of August 2, 2017, Complainant had not received a copy of his performance appraisal for FY 2016.

The Agency dismissed the complaint pursuant to 29 C.F.R. § 1614.107(a)(1) for failure to state a claim. In the appellate decision, we affirmed the Agency's dismissal. Complainant claimed that he requested a copy of the appraisal on June 29, 2017, but as of August 2, 2017, he had not received the document. The Commission noted that Complainant had not alleged that he disagreed with

---

[1] This case has been randomly assigned a pseudonym which will replace Complainant's name when the decision is published to non-parties and the Commission's website.

the performance evaluation or that the appraisal he received for the period in question was discriminatory. Thus, we found that Complainant was not aggrieved by the Agency's actions. Further, we determined that being denied a copy of a performance evaluation was not the sort of action that was reasonably likely to deter Complainant or others from engaging in protected activity. As a result, the Commission determined that the Agency properly dismissed the complaint.

In the instant request for reconsideration, Complainant expresses his disagreement with the previous decision. The Commission emphasizes that a request for reconsideration is not a second appeal. Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614 (EEO MD-110), at 9-18 (Aug. 5, 2015); see, e.g., Lopez v. Dep't of Agric., EEOC Request No. 0520070736 (Aug. 20, 2007). Rather, a reconsideration request is an opportunity to demonstrate that the appellate decision involved a clearly erroneous interpretation of material fact or law, or will have a substantial impact on the policies, practices, or operations of the Agency. Complainant has not done so here. Complainant has not presented any persuasive evidence to support reconsideration of the Commission's decision.

After reviewing the previous decision and the entire record, the Commission finds that the request fails to meet the criteria of 29 C.F.R. § 1614.405(c), and it is the decision of the Commission to DENY the request. The decision in EEOC Appeal No. 2019002134 remains the Commission's decision. There is no further right of administrative appeal on the decision of the Commission on this request.

## COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (P0610)

This decision of the Commission is final, and there is no further right of administrative appeal from the Commission's decision. You have the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision. If you file a civil action, you must name as the defendant in the complaint the person who is the official Agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work.

## RIGHT TO REQUEST COUNSEL (Z0815)

If you want to file a civil action but cannot pay the fees, costs, or security to do so, you may request permission from the court to proceed with the civil action without paying these fees or costs. Similarly, if you cannot afford an attorney to represent you in the civil action, you may request the court to appoint an attorney for you. **You must submit the requests for waiver of court costs or appointment of an attorney directly to the court, not the Commission.** The court has the sole discretion to grant or deny these types of requests.

3                                     2020005194

Such requests do not alter the time limits for filing a civil action (please read the paragraph titled Complainant's Right to File a Civil Action for the specific time limits).

FOR THE COMMISSION:

Carlton M. Hadden, Director
Office of Federal Operations

November 30, 2020
Date

2 Niagara Square
Buffalo    Clerk Office 2nd
Floor
10-3

4                                     2020005194

## CERTIFICATE OF MAILING

**For timeliness purposes, the Commission will presume that this decision was received within
five (5) calendar days after it was made available to the parties.** I certify that on the date below
this decision was provided to the following recipients via the means identified for each recipient:

Tyrone D. McDowell
6864 Forestview Drive
Lockport, NY  14094
Via U.S. Mail

Harvey Johnson, Deputy Assistant Secretary, Resolution Management
Office of Resolution Management (08D)
Department of Veterans Affairs
Via FedSEP


November 30, 2020
Date


Compliance and Control Division

JS 44 (Rev. 06/17)

**CIVIL COVER SHEET**

21-CV-338 JLS

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Tyrone McDowell | Brian Stiller, Danielli Bergman, Grace Stringfellow & Denis McDonough, Veterans Affairs Secretary |
| **(b)** County of Residence of First Listed Plaintiff _____ | County of Residence of First Listed Defendant  Erie County |
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)* |
| | NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |
| **(c)** Attorneys *(Firm Name, Address, and Telephone Number)*  Pro Se | Attorneys *(If Known)* |

USDC-WDNY MAR 3 2021 BUFFALO

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☑ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

- ☑ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C 2000a to 2000a-17

Brief description of cause:
Discrimination based on Race/Color and reprisal of previous EEOC Activity

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** *(See instructions):*

JUDGE _____    DOCKET NUMBER _____

DATE  3/3/2021

SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

S9/ADR