UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

TYRONE MCDOWELL,

                         Plaintiff,                          **REPORT AND RECOMMENDATION**

v.

                                                                 **21-CV-338-JLS-JJM**

DENIS MCDONOUGH, Secretary
Department of Veterans Affairs, BRIAN
STILLER, DANIELLE BERGMAN,
GRACE STRINGFELLOW,

                        Defendants.
_____

        Before the court is a motion [14][1] pursuant to Fed. R. Civ.P. ("Rule") 12(b)(6) by defendants Stiller, Stringfellow, and Bergman motion to dismiss plaintiff's Complaint [1] for failure to state a claim for relief.[2] Having reviewed the parties' submissions [14, 24, 26] and heard oral argument on February 15, 2022 [28], I recommend that the motion be granted.

## BACKGROUND

        On March 3, 2021 plaintiff commenced this action against his employer, the Department of Veterans Affairs, and others, alleging discrimination due to his race or color in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"). Complaint [1]. Plaintiff alleged that based on his race and color, defendants Stiller, Bergman, and Stringfellow subjected him to "harassment on the basis of unequal terms and conditions of my employment",

---

[1]     Bracketed references are to CM/ECF docket entries, and page references are to CM/ECF pagination.

[2]     Defendant McDonough also has a pending motion to dismiss [33]. That motion, however, is not yet fully briefed. *See* Text Order [36] (requiring plaintiff to file his response on or before August 5, 2022, and for defendant to file his reply, if any, by August 12, 2022).

"retaliation because I complained about discrimination or harassment", and "reprisal due to previous EEOC activity". Id. at 3, 5, 7-8.

In moving to dismiss, defendants Stiller, Stringfellow and Bergman argue that, pursuant to 42 U.S.C. §2000e-16, Secretary McDonough is the only proper defendant. *See* defendants' Memorandum of Law [14-3].

## DISCUSSION

"[U]nder Title VII individual supervisors are not subject to liability." Mandell v. County of Suffolk 316 F.3d 368, 377 (2d Cir. 2003). *See also* Gallo v. Herman, 205 F.3d 1322, *1 n. 1 (2d Cir. 2000) (unpublished opinion) ("[u]nder 42 U.S.C. § 2000e-16(c), the head of the employing department is the only appropriate defendant in a Title VII action brought by [a] federal employee") Jaremka v. U.S. Government Department Veterans Affairs, 2007 WL 2580493, *1 (W.D.N.Y. 2007) ("in an action alleging employment-related discrimination at the Department of Veteran Affairs, the only proper party defendant is the head of the department itself").

Plaintiff relies upon Edelman v. Source Healthcare Analytics, LLC, 265 F.Supp.3d 534 (E.D. Pa. 2017) to argue that individuals acting in the employer's interest can be held personally liable for the harm they cause to employees. Plaintiff's Opposition [24] at 5. In Edelman, the court permitted an action to proceed against a human resources director under the Family and Medical Leave Act ("FMLA").

However, as Edelman recognizes, the FMLA and Title VII are governed by different statutes and implementing regulations dictating who is liable for violations:

> "Under the FMLA, an employer includes 'any person who acts, directly or indirectly, in the interest of an employer to any of the employees of such employer.' 29 U.S.C. § 2611(4)(A)(ii). The Department of Labor's implementing regulations provide that 'individuals such as corporate officers acting in the interest of any

employer are individually liable for any violations of the requirements of FMLA.'"

265 F.Supp.3d at 539.  Therefore, plaintiff's reliance upon Edelman is misplaced.

## CONCLUSION

For these reasons, I recommend that these defendants' motion to dismiss [14] be granted. Unless ordered otherwise by District Judge John L. Sinatra, any objections to this Report and Recommendation must be filed with the clerk of this court by August 15, 2022. Any requests for extension of this deadline must be made to Judge Sinatra.  A party who "fails to object timely . . . waives any right to further judicial review of [this] decision". Wesolek v. Canadair Ltd., 838 F. 2d 55, 58 (2d Cir. 1988); Thomas v. Arn, 474 U.S. 140, 155 (1985).

Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance. Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co., 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) and (c) of this Court's Local Rules of Civil Procedure, written objections shall "specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection . . . supported by legal authority", and must include "a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge".  Failure to comply with these provisions may result in the district judge's refusal to consider the objections.

Dated:  August 1, 2022

                                          _____
                                          JEREMIAH J. McCARTHY
                                          United States Magistrate Judge