UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

TYRONE MCDOWELL,

                              Plaintiff,

v.

DENIS MCDONOUGH, Secretary,
Department of Veterans Affairs
(Veterans Health Administrator),

                              Defendant.
_____

**DECISION AND ORDER**

21-CV-00338(JLS)(JJM)

        *Pro se* plaintiff Tyrone McDowell seeks recovery for alleged racial

discrimination and retaliation during the course of his employment with the Department of

Veterans Affairs ("VA"), in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C.

§§2000e, *et seq.* Complaint [1].[1] Before the court is McDowell's motion for a reasonable

accommodation [113], which has been referred to me by District Judge John L. Sinatra, Jr.

for initial consideration [17].  Having reviewed the parties' submissions [113, 115, 117], the

motion is granted in part and denied in part.


                              **BACKGROUND**

        The parties' familiarity with the factual allegations and procedural

background is presumed.  This case has been pending for more than three years.  The only

remaining Case Management Order ("CMO") deadline is the October 15, 2024 deadline for

_____

[1]        Bracketed references are to CM/ECF docket entries, and page references are to the CM/ECF
pagination.

pretrial dispositive motions, which was set more than two months ago without any opposition from the parties. [2]

Weeks before the dispositive motion deadline, McDowell alleges for the first time that he has been diagnosed with "Major Depression, Anxiety, and Post-Traumatic Stress Disorder [('PTSD')] . . ., which significantly impair [his] ability to focus and concentrate . . . . , particularly when attempting to meet court-imposed deadlines or comply with procedural requirement". McDowell's Motion [113] at 1.[3] Pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101, *et seq.,* and "related federal statutes", McDowell seeks the following accommodations:

> "1. Flexible Deadlines: Plaintiff requests that the Court grant extensions of time when needed, particularly for deadlines related to filings, motions, and discovery.
>
> 2. Extended Response Periods: Plaintiff seeks permission to request additional time to respond to motions and court orders on a case-by-case basis, as dictated by Plaintiff's medical condition.
>
> 3. Consideration of Mental Health Condition in Case Management: Plaintiff requests that the Court consider the Plaintiff's medical condition when determining case management deadlines and scheduling hearings."

Id. at 1-2.

Defendant Denis McDonough opposes the motion on two grounds: "First, the [ADA] does not apply to the Court. Second, McDowell has not provided any facts that would justify the request, whether measured under the ADA's requirement of making a

---

[2]     Although the Third Amended CMO [112] contained a later dispositive motion deadline in the event that expert disclosures were made, McDonough states, and McDowell does not dispute, that no such disclosures occurred. See id., ¶3.

[3]     In seeking prior extensions, McDowell pointed to Covid-19 symptoms (*see* [21], [81], [83]) and recent medical procedures. *See* [35].  Notably, in August 2022 and June 2024, McDowell sought an extension because recent medical procedures - not mental health condition - impacted his ability to focus and concentrate. *See* [38], [94].

'sufficiently direct and specific' request or the 'good cause' standard under Fed. R. Civ. P.

[('Rule')] 16(b)(4)." McDonough's Memorandum of Law [115] at 1.


**DISCUSSION**

Title II of the ADA provides that "no qualified individual with a disability

shall, by reason of such disability, be excluded from participation in or be denied the benefits

of the services, programs, or activities of a public entity, or be subjected to discrimination by

any such entity". 42 U.S.C. §12132.  In turn, the ADA defines a "public entity" as "(A) any

State or local government; (B) any department, agency, special purpose district, or other

instrumentality of a State or States or local government; and (C) the National Railroad

Passenger Corporation, and any commuter authority". 42 U.S.C. §12131.  "Thus, by

definition, Title II of the ADA does not apply to the federal government or an agency, such

as the federal courts". Moore v. United States, 2022 WL 1104986, *1 n. 1 (W.D.N.Y. 2022).

*See also* Roman v. Jefferson at Hollywood LP, 495 F. App'x 804, 806 (9th Cir. 2012)

("[w]hile the [ADA] requires state courts to make disability accommodations, the ADA does

not apply to federal courts").

Therefore, courts have found motions seeking reasonable accommodations

under the ADA for federal court litigants to be "totally without foundation and legal

efficacy". Hamilton v. Robb, 2020 WL 1228077, *2 (M.D. Pa. 2020).  The ADA has "no

application in the context of excusing a *pro se* litigant from following statutory provisions,

regulatory provisions, the Federal Rules of Civil Procedure and court rules, including the . . .

Local Rules of Court, and court orders". Id.  In fact, McDowell acknowledges that "the ADA

may not directly bind the federal judiciary". McDowell's Reply [117] at 1.

Instead, McDowell argues that the "Rehabilitation Act of 1973 . . . requires federal courts to provide reasonable accommodations". Id. I disagree. "The Rehabilitation Act applies to 'any program or activity receiving Federal financial assistance' and any 'program or activity conducted by any Executive agency or by the United States Postal Service.' 29 U.S.C. § 794(a). Thus, it does not apply to federal courts." Stanek v. Saint Charles Community Unit School District #303, 2020 WL 9348258, *4 (N.D. Ill. 2020), aff'd, 2022 WL 445155 (7th Cir. 2022). See also Mapes v. Hatcher Real Estate, 2021 WL 5404626, *5 (S.D. Ind. 2021) ("[t]he Rehabilitation Act applies to some federal Government entities but not to the United States Courts").

Although McDowell is "proceeding *pro se*, without benefit of counsel, and . . . alleges that [ ]he has various mental impairments . . . [ ]he is still required to follow the same procedural rules and deadlines as other litigants". Allen-Armbrister v. Colonial Pipeline Co., 2018 WL 11483014, *10 (N.D. Ga. 2018). Those rules, include Rule 16(b)(4), which states that "[a] schedule may be modified *only* for good cause and with the judge's consent" (emphasis added). Each of my four CMOs[4] reminded the parties that "a finding of 'good cause' depends on the diligence of the moving party". Parker v. Columbia Pictures Industries, 204 F.3d 326, 340 (2d Cir. 2000).[5]

---

[4]     *See* CMO [58] at 4-5; Amended CMO [74] at 3; Second Amended CMO [78] at 3; Third Amended CMO [112] at 2.

[5]     Alternatively, McDowell argues that "[t]he Court has inherent authority to grant extensions of time under Rule 6(b)". McDowell's Reply [117] at 2. However, the only deadline in effect at this time is a CMO deadline, which is governed by Rule 16(b)(4). *See* Carpenter v. Churchville Greene Homeowner's Association, 2011 WL 4711961, *4 (W.D.N.Y.), adopted, 2011 WL 6012539 (W.D.N.Y. 2011) ("Rule 16(b), not 6(b), applies to scheduling order deadlines").

McDowell relies on his mental health condition as "good cause". McDowell's Reply [117] at 3.  For the first time in his reply, he attaches several medical records, including a June 2024 "Attending Physician's Report", which states that he has been totally disabled since February 2017 from major depression and PTSD. [117] at 8.  The "objective findings" section of the report states that McDowell has an "inability to focus and concentrate". Id.

"Courts . . . frequently decline[ ] to consider evidence first submitted on reply." Royal Park Investments SA/NV v. U.S. Bank National Association, 324 F. Supp. 3d 387, 395 (S.D.N.Y. 2018).  In any event, even if this medical record was sufficient to demonstrate "good cause", McDowell is not seeking a specific extension of any CMO deadline.  Instead, he seeks general "flexibility with regard to deadlines, specifically those associated with filing motions and responding to discovery". McDowell's Reply [117] at 3.  However, fact discovery is complete.  The only remaining deadline is the October 15, 2024 deadline for any pretrial dispositive motions (see Third Amended CMO [112], ¶3), but the relief sought by McDowell would amount to no deadline at all, and contravenes Rule 16(b)(3)(A) which requires me to set a deadline for pretrial motions.

Nevertheless, I am sensitive to McDowell's impairments and will consider a specific extension of the current dispositive motion deadline which not opposed by McDonough, who agrees to "slightly pushing out" that deadline "so long as it is mutual". See McDonough's Memorandum of Law [115] at 3.  A telephonic conference is scheduled for October 10, 2024 at 3:00 p.m. to address the length of that extension.

Generally, I also have no opposition to the remaining accommodations sought by McDowell.  While I am unable to commit to setting any particular deadlines or hearing

dates at this time, I will take McDowell's mental health into consideration when doing so.  If McDowell requires additional time to respond to motions or any other extension or adjournment, he may seek that relief.


## CONCLUSION

For these reasons, McDowell's motion for a reasonable accommodation [113] is granted except to the extent that it seeks "flexible deadlines".  **A telephonic conference is scheduled for October 10, 2024 at 3:00 p.m.**  To access the teleconference, the parties shall dial 888-808-6929 and enter access code 1533000# sufficiently in advance of the proceeding.  **SO ORDERED**.

Dated:  October 8, 2024

/s/Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge